UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.    1:07 CR 42 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| KEVIN R. WILLIAMS, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Kevin Williams' Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act. (ECF # 17). The government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF #18, 22). The matter is now ready for consideration.

Mr. Williams pled guilty to being a felon in possession of a firearm and ammunition, and possession with intent to distribute 17.7 grams of cocaine base. (ECF #13). The plea agreement acknowledged that Mr. Williams was subject to the penalty enhancement provisions of 18 U.S.C. §924(e)(1)(Armed Career Criminal), which increases the statutory sentence on the firearm and ammunition charges in Counts One and Two from a maximum of ten years to a maximum of life, with a mandatory minimum of fifteen years. The statutory range for Count Three was between 5 years and 40 years imprisonment. The parties agreed as part of the plea agreement that his adjusted offense level was a 35, subject to reduction for acceptance of responsibility, and, as an

armed career criminal, his criminal history category would be VI. The Pre-Sentence Report found a final offense level of 31 and criminal history category VI, with a guideline range of 188-235 months. He was sentenced on July 19, 2007 to 235 months in the Bureau of Prisons.

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Williams's original sentencing, the maximum sentence for an offense involving less than 28 grams of crack cocaine would have been reduce from forty years to twenty years imprisonment. 21 U.S.C. §41(b)(1)(C). Because the Fair Sentencing Act modified the statutory range for his offense, Mr. Williams is eligible for a sentence reduction. *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019). Although he may be eligible, a sentence reduction is not mandatory. Sentence reductions under the Act are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Mr. Williams argues that his sentence should be reduced because it exceeds the new statutory maximum sentence for his offenses. This argument is based on the mistaken premise that he was sentenced to 262 months, which, if true, would indeed exceed the new statutory maximum for Count Three. However, as reflected in the record and acknowledged earlier in Mr.

2

Williams' Reply brief, his actual sentence was 235 months, which does not exceed the statutory maximum sentence of 240 months.

The parties also agree, however, that the reduced statutory maximum sentence would have reduced Mr. Williams' base offense level for Count Three by two levels, to a level 32, which when adjusted for acceptance of responsibility would result in a final offense level of 29, with a criminal history category of VI. This would result in a guideline range of 151-188 months. The government argues that this reduction should not apply because if the Count Three range is reduced, the guideline range for Counts One and Two would now be controlling.

At the time of sentencing, Counts One and Two, enhanced by the Armed Career Criminal designation, were subject to a fifteen year mandatory minimum sentence, and the Court found under the guidelines, each should each carry a sentence of 235 months (running concurrent with each other and with Count Three). If sentenced today, however, Mr. Williams would not qualify as an Armed Career Criminal. One of the predicate offenses for this designation was a prior conviction for attempted felonious assault under O.R.C. §2903.11(A)(1). The Sixth Circuit has since held that a violation of this section of the O.R.C. does not qualify as a violent felony predicate under the ACCA. *United States v. Burris*, 912 F.3d 386, 399 (6th Cir. 2019). Therefore, under a re-sentencing today, the statutory maximum penalty on Counts One and Two would now be 120 months, and the Count Three guidelines should, therefore, be considered controlling.[1]

When determining whether an eligible defendant should be granted a sentence reduction,

---

[1] Even if the Court did not retroactively apply *Burris*, a sentence at the high end of the new guideline range for Count Three would be sufficient to meet the mandatory minimum statutory sentence for Counts One and Two, with the Armed Career Criminal enhancement.

the Court may consider all relevant factors. *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020). This includes post-offense conduct, whether positive or negative. *Pepper v. United States,* 562 U.S. 476 (2011); *Id.* Citing the offense conduct in this case and Mr. Williams' prior criminal history, the government argues that, even if the revised guidelines for Count Three are considered controlling, Mr. Williams should not be given a reduction in sentence because he is a danger to the community. They cite no post-conviction behavior in support of this argument. The only reasons offered for denying relief are the nature of his offense conduct and prior criminal history, both of which are already taken into account in the determination of his revised sentencing guidelines. Nothing in the government's argument support denying Mr. Williams the intended benefit of the sentence reduction afforded by the First Step Act. On the other hand, Mr. Williams has provided several reasons why it would be appropriate to apply the reduction authorized by the Act. At the time of his offense Mr. Williams was 29 years old. He is now 44 and has demonstrated an increased maturity and determination to improve himself and follow the rules. He has earned his GED, graduated from Sinclair College, and completed several personal enhancement programs, including attending NA/AA. He has had no disciplinary infractions in the state institution or in the BOP. He has a plan for employment upon his release, and has been subject to harsher conditions in prison than originally contemplated due to the restrictions caused by the COVID-19 virus. *See, e.g., United States v. Zuckerman*, 451 F.Supp. 3d 329, 336 (S.D.N.Y.).

    Had the First Step Act provisions been in place at the time of his sentencing, and had the Court had the benefit of the ruling in *Burris,* the Court would have imposed a sentence at the high end of the revised guideline range. This sentence is justified by a variety of considerations

previously set forth in the plea agreement and discussed at his original sentencing, as well as those set forth above. The Court finds that a sentence of 188 months is sufficient but not more than necessary to meet the ends of justice. For the above reasons, this Court GRANTS Mr. William's petition for relief. (#17). His sentence is reduced from 235 months to 188 months on all counts to run concurrent with each other and with the sentence imposed in state case number CR489138. All other aspects of his original sentence remain intact. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 27, 2021